## CHARLESTON.

WIGAL, ADM'X. *v.* CITY OF PARKERSBURG.

Submitted February 18, 1914.   Decided April 7, 1914.

NEGLIGENCE OF CITY.
>     Points 1, 2, 3, 4, and 5 of the syllabus in *Wigal, Adm'x.* v. *City of Parkersburg,* decided at the present term, re-affirmed and applied.

Appeal from Circuit Court, Wood County.

- Action by Amanda Wigal, administratrix, against the City of Parkersburg.   Judgment for plaintiff, and defendant appeals.

*Affirmed.*

*Smith D. Turner* and *Wm. H. Wolfe,* for plaintiff in error.

*V. B. Archer* and *Dave D. Johnson,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff, as administratrix of her deceased son, Walter Wigal, recovered a judgment against defendant for the sum of $400 for the destruction of property belonging to her intestate, caused by the bursting of the city's water tanks and the escape of the water, thereby demolishing the house in which her intestate lived, killing him and destroying his personal property.   Defendant has brought the case here on writ of error.   The injury complained of in this case was caused by the same act of negligence which caused the death of Walter Wigal, for which a recovery was had in the court below, and which case has just been reviewed and the judgment affirmed.   See *Wigal, Adm'x.* v. *City of Parkersburg,* decided at this term.   The law respecting the city's duty and its liability in the premises was determined in that case.   It was also therein decided that negligence could be inferred from the bursting of the tanks, in the absence of evidence tending to prove that it was caused by an act of God or the hand of an enemy, and that such was the only defense and the burden was upon defendant to establish it.   The instructions given for the plaintiff in this case, complained of, cor-

rectly embody those legal principles and were properly given. The court also properly refused to give certain instructions asked for by counsel for defendant, because they conflicted with those principles.  They would have told the jury that the city was relieved from liability, if they believed from the evidence that it had used due care in the construction and maintenance of its water tanks.  That is not the law.  The city's duty in a case like this is absolute.  The reasons for our decision in that case apply with equal force here, and the opinion therein prepared and handed down at the present term is referred to for our reasons for affirming the judgment in this case.

The judgment is affirmed.

*Affirmed.*

---

# CHARLESTON.

NEGLIGENCE OF CITY.
> Points 1, 2, 3, 4, and 5 of the syllabus in *Wigal, Adm'x.* v. *City of Parkersburg,* decided at the present term, re-affirmed and applied.

*Smith D. Turner* and *Wm. H. Wolfe,* for plaintiff in error.

*V. B. Archer* and *Dave D. Johnson,* for defendant in error.